UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 APR 15 PM 3: 21
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| JASON HALASA | ) | Case No.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC. | ) | 1:10-cv-0437 WTL-JMS |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Jason Halasa ("Halasa"), for his Complaint against Defendant, ITT Educational Services, Inc. ("ITT"), states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Jason Halasa, is a resident of California.

2. Defendant, ITT Educational Services, Inc., is a publically traded institution of higher learning whose corporate headquarters are located in Carmel, Indiana. Defendant does business under the trade name ITT Technical Institute.

3. Jurisdiction is proper because one of Halasa's claims arises under 31 U.S.C. § 3730(h). Venue is proper in this district because Defendant resides in this district.

### FACTUAL BACKGROUND

4. Consumers finance the payment of tuition and other costs related to attending ITT's colleges through federally subsidized financial aid in the form of grants and loans. ITT must meet certain statutory requirements in order to be a considered an institution for higher learning eligible to benefit from these funds.

5. Pursuant to 20 U.S.C. § 1001, ITT must be accredited by a nationally recognized accrediting agency to be eligible for federally subsidized financial aid. Pursuant to 20 U.S.C. § 1094(a)(21), Defendant must meet all requirements of an accrediting agency in order to be eligible for federally subsidized student aid.

6. Pursuant to 20 U.S.C. § 1099b(j), ITT loses its ability to participate in federally subsidized student-aid programs if it fails to abide by the terms of its accreditation.

7. Pursuant to Cal. Ed. Code § 94897(b), (c) and (j), ITT is prohibited from making any untrue or misleading change in, or untrue or misleading statement related to, a test score, grade or record of grades, attendance record, record indicating student completion, placement, employment, salaries or financial information to any accrediting agency or the government.

8. Pursuant to Cal. Ed. Code § 94904, before a student may enroll at an ITT college, the student must take an independently administered examination supplied by the United States Department of Education ("DOEd"). The student may only enroll if he achieves a certain score on the examination required by the DOEd.

9. Pursuant to Cal. Ed. Code § 94897 and 20 U.S.C. § 1094(a)(20), ITT is prohibited from compensating its employees involved in recruitment, enrollment, admissions, or student attendance on the basis of a commission, commission draw, bonus, quota, or other similar method related to the recruitment, enrollment, admissions, student attendance, or sales of educational materials to students.

10. Pursuant to 20 U.S.C. § 1094(a), in order to participate in federally subsidized financial-aid programs, ITT is required to and did enter into a program participation agreement with the DOEd certifying its compliance with all the laws indicated above. This certification is a requirement for ITT to receive the benefit of federally subsidized financial aid.

11. Halasa was hired by ITT on February 25, 2009, to act as the director of its Lathrop, California, campus. As director, he had control over the Lathrop, California, ITT Technical Institute campus and knew the requirements for ITT to maintain its right to participate in the federally subsidized student-aid programs administered by the DOEd.

12. Shortly after Halasa began working for ITT, he observed violations of state laws and federal laws by ITT at the Lathrop campus.

13. Halasa observed ITT staff changing failing scores to passing scores on placement tests so that consumers could attend ITT and benefit from federally subsidized financial aid.

14. Halasa observed the staff inflating and altering attendance records so that ITT could maintain its right to retain the financial aid of its enrolled students.

15. Halasa observed the staff inflating the grades of ITT students to ensure they meet the minimum grade point average requirements to continue receiving federally subsidized financial aid.

16. Halasa observed inaccurate job placement figures being compiled by ITT staff, and observed those inaccurate job placement figures being conveyed to consumers and ITT's accrediting agency.

17. Halasa observed ITT staff alter and destroy files required to be maintained by state and federal law to maintain ITT's status as an accredited institution and ability to participate in federally subsidized student aid programs.

18. Halasa observed student recruiters being compensated based upon how many students they convinced to enroll at ITT.

19. Halasa reported his concerns about ITT's illegal actions to Jeff Ortega, Mark Urschel, and Chris Carpenter. Jeff Ortega was the ITT Corporate District Manager for the

Lathrop ITT campus. Mark Urschel is the ITT Corporate Human Resources Director. Chris Carpenter is the ITT Corporate Director of Compliance.

20. Barry Simich, Senior Vice President of ITT Operations, fired Halasa on September 9, 2009, because Halasa complained about ITT's fraudulent conduct and statutory violations.

## COUNT I

21. Halasa restates and incorporates each of the above paragraphs as if set forth in full herein.

22. ITT is prohibited from knowingly presenting false or fraudulent claims for payment or approval and causing false claims to be presented for payment or approval. 31 U.S.C. § 3729(A)(1)(a)

23. ITT is prohibited from knowingly making or using, or causing to be made or used, a false record or statement material to a false or fraudulent claim. 31 U.S.C. § 3729(A)(1)(b).

24. A claim is any request for money that is presented to an officer, employee, or agent of the United States or that is made to a contractor, grantee or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program, and if the United States Government has provided any portion of the money requested or will reimburse such contractor, grantee or other recipient for any portion of the money being requested. 31 U.S.C. § 3729(b)(2).

25. While Halasa was employed with ITT, ITT was in violation of 31 U.S.C. § 3729, also known as the False Claims Act ("FCA"), because it made false and fraudulent statements to its accreditation agency, the Accrediting Council for Independent Colleges and Schools,

claiming it was in compliance with the applicable federal and state law in order to fraudulently obtain accreditation to benefit from federally subsidized financial aid.

26. ITT further violated the FCA when it made and used material false and fraudulent statements to the DOEd to get false or fraudulent claims paid. ITT falsely stated in the program participation agreement with the DOEd that it was in compliance with the federal and state laws in order to be deemed an eligible institution to benefit from federally subsidized financial aid.

27. ITT also violated the FCA when it presented and caused its students to present false claims to the DOEd for federally subsidized grants and loans to finance each students' education at ITT.

28. Halasa reported the statutory violations and fraudulent conduct of ITT to its corporate officers in order to stop ITT from violating the FCA.

29. ITT terminated Halasa's position as director of the Lathrop campus because of his attempts to stop ITT's violations of the FCA.

30. Pursuant to 31 U.S.C. § 3730(h), an employee shall be entitled to all the relief necessary to make him whole if he is terminated for trying to stop violations of the FCA, including reinstatement of his employment with the same seniority status that he would have had but for the discriminatory discharge, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

## COUNT II

31. Halasa restates and incorporates each of the above paragraphs as if set forth in full herein.

32. Under California law, when an employer's discharge of an employee violates fundamental principles of public policy expressed in the constitution or statutes, the discharged employee may maintain a tort action and recover damages available in tort actions ("*Tameny* cause of action").

33. When an employer discharges an employee who refuses to defraud a customer, the employer has violated a fundamental public policy and liable in tort for wrongful discharge.

34. ITT terminated Halasa's employment for reporting the numerous statutory violations alleged above to ITT.

35. In reporting the many violations of federal and state law, Halasa was attempting to halt conduct that was defrauding the federal government, American taxpayers, residents of California, students attending ITT, ITT stock-holders, and the public-at-large. Furthermore, ITT's conduct was injuring the integrity of the secondary education system in the United States.

36. Under California common law, Halasa is entitled to bring an action against ITT because ITT discharged him in violation of public policy that is strongly tethered to statutory principles against making false claims for payment and engaging in other fraudulent activity.

## Prayer for Relief

WHEREFORE, Jason Halasa prays that the Court enter judgment in favor of Halasa and against ITT Educational Services, Inc.:

A. Awarding double his back wages, pre- and post-judgment interest on his back wages, and all consequential damages he sustained because of ITT's discrimination, including compensation for funds spent by Halasa as a direct result of his wrongful discharge;

B. Awarding punitive damages in an amount sufficient to deter future violations;

C. Ordering Defendant to compensate Halasa for all costs, expenses, and attorneys' fees at a reasonable rate;

D. Ordering Defendant to compensate Halasa for emotional distress damages and personal injury resulting from his wrongful discharge;

E. Ordering Defendant to reinstate Halasa at ITT with the same seniority status that he would have had but for his wrongful discharge;

F. Ordering Defendant to cease its violations of the law alleged herein; and

G. Such other relief as is just.

Respectfully submitted,

_____
Attorneys for Jason Halasa

John M. Ketcham, Atty. No. 20747-02
Katherine E. Taylor, Atty. No. 23383-49
Brianna J. Schroeder, Atty. No. 28772-64
**PLEWS SHADLEY RACHER & BRAUN LLP**
1346 North Delaware Street
Indianapolis, IN  46202-2415
Telephone:  (317) 637-0700
Facsimile:  (317) 637-0710

Timothy J. Matusheski (MBN 100998)
PO Box 15758
Hattiesburg, Mississippi 39404
Telephone:  (601) 307-0221
Tim@mississippiwhistleblower.com